UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COLONIAL VAN LINES, INC.,**

      **Plaintiff,**

v.                                            Case No: 6:24-cv-188-JSS-EJK

**AAA COLONIAL VAN LINES,
INC. and JEFF O. COUNSEL,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Clerk's Default and Memorandum of Law in Support Thereof (the "Motion") (Doc. 20), filed July 8, 2024. In the Motion, Plaintiff seeks default against Defendants AAA Colonial Van Lines, Inc. ("AAA Colonial") and Jeff O. Counsel ("Counsel") (collectively, "Defendants"). Upon consideration, the Motion is due to be granted in part.

**I.  BACKGROUND**

Plaintiff filed a Complaint against the Defendants on January 26, 2024, seeking injunctive and other relief under both Florida law and the Federal Trademark Act, 15 U.S.C. § 1051, *et seq*. (Doc. 1 ¶ 1.) On March 23, 2024, the summonses and Complaint were served on Counsel and AAA Colonial, by an individual qualified to perfect service who handed a copy of the summons and Complaint to Sandra T., Counsel's

adult co-resident, at Counsel's residential address. (Doc. 12.) Plaintiff now seeks entry of a clerk's default against Defendants for failure to appear in this case. (Doc. 20.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Defendants have not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on either Defendant. The undersigned first takes up whether Counsel's service was proper as an individual defendant. Under the Federal Rules of Civil Procedure, an individual defendant may be served by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or doing any of the following: delivering a copy of the summons and of the complaint to the individually personally; leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age and

> discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2)(A–C).

Under Florida law, an individual may be served by:

> delivering a copy of [the summons], to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). First Response Process Corporation confirmed that 913 Samms Avenue, Port Orange, Florida 32129 was Counsel's residential address by conducting a skip trace search at the time service was completed. (Doc. 20 at 3.) According to the Affidavit of Service, Counsel's co-resident, Sandra T., who is of suitable age, was served a copy of the summons and Complaint, and informed of the contents, at the address listed above, by an individual qualified to perfect service. (Doc. 12 at 1–2.) Thus, the Court finds that Counsel was properly served as an individual pursuant to both Rule 4(e)(2)(B) and Florida Statute § 48.031(1)(a).

The Court now turns to whether proper service was effectuated on corporate defendant AAA Colonial.

Under the Federal Rules of Civil Procedure, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and

> the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Florida law requires process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under Florida Statutes § 48.091. *See* Fla. Stat. § 48.081. Alternatively, if service cannot be made under § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).

According to Florida's Division of Corporations, the registered agent for Defendant AAA Colonial is Jeff O. Counsel, with a registered address of 2 Main Street Port Orange, FL 32127[1]. AAA Colonial's Articles of Incorporation list Jeff O. Counsel as an officer and director. (*Id.*) The Affidavit of Service shows that Plaintiff made a

---

[1] Detail by Entity Name of AAA Colonial Van Lines, Inc., *Division of Corporations, an Official State of Florida Website*,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=AAACOLONIALVANLINES%20P070001347750&aggregateId=domp-p07000134775-012b2f42-1b5c- (last visited Aug. 26, 2024).

good faith attempt to serve the registered agent at the registered address on February 19, 2024, at 11:53p.m., but Counsel was not present at the designated time and place as required by the Florida Statutes. (Doc. 12 at 3–4; Fla. Stat. § 48.091(3) (requiring, in part, that a domestic corporation "keep the designated registered office open from at least 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays").) In the Motion, Plaintiff contends that service was effectuated on AAA Colonial pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and Florida Statutes § 48.081(3)(a) because Plaintiff served AAA Colonial's registered agent and officer Counsel by serving Counsel's co-resident at Counsel's confirmed residential address. (Doc. 20 at 4–5; Doc. 12 at 3–4.) But Plaintiff has failed to establish that service on AAA Colonial was proper.

Here, Plaintiff did not serve AAA Colonial's registered agent. Instead, Plaintiff served the registered agent's adult co-resident, Sandra T., at the registered agent's residential address. (Doc. 12 at 3–4.) Because Plaintiff did not serve AAA Colonial's registered agent and officer Counsel, Plaintiff failed to properly effectuate service pursuant to the Federal Rules of Civil Procedure.

Proper service on a corporation under Florida Statutes § 48.081 requires, in pertinent part, that service be made on any officer or business agent residing in Florida, an agent designated by the corporation under Florida Statutes § 48.091, or an employee at the corporation's principal place of business, or on any employee of the registered agent, if service cannot be made under § 48.091. Fla. Stat. § 48.081. Since Plaintiff did not serve Counsel, AAA Colonial's registered agent and officer, but rather

served the registered agent's adult co-resident, who has not been established as the registered agent's employee, Plaintiff failed to properly effectuate service pursuant to Florida law. Because the Court must interpret service statutes strictly, Plaintiff has not provided sufficient evidence, at this stage, to obtain a clerk's default as to corporate defendant AAA Colonial. *Perez v. Daniella's ALF LLC*, No. 8:21-CV-714-CEH-CPT, 2022 WL 4182547, at *3 (M.D. Fla. Sept. 13, 2022).

Thus, the Court will deny the Motion for entry of default against AAA Colonial without prejudice, and Plaintiff may renew its motion against AAA Colonial with supporting documentation to establish that service was properly effectuated.

IV. **CONCLUSION**

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. 20) is **GRANTED in part and DENIED in part**.
2. The Motion is **GRANTED** as to Defendant Jeff O. Counsel. The Clerk is **DIRECTED** to enter default against Defendant Jeff O. Counsel.
3. The Motion is **DENIED without prejudice** as to AAA Colonial Van Lines, Inc. **On or before September 27, 2024**, Plaintiff may file a renewed motion in accordance with this Order, or, alternatively, may re-serve AAA Colonial Van Lines, Inc.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE